UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| **Louise Miller White** | * | |
| **Plaintiff,** | * | |
| v. | * | Case No.: 8:24-cv-00084 DLB |
| **Equifax Information Services, LLC,** *et al.* | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO COMPLAINT

Defendant OneMain Financial Group, LLC ("Defendant" or "OneMain"), by and through its undersigned counsel, hereby files its Answer to Plaintiff's Complaint.

With regard to the corresponding numbered paragraphs in the Complaint, Defendant responds as follows:

### PRELIMINARY STATEMENT

1. No response is required to Paragraph 1 of Plaintiff's Complaint. To the extent a response is required, Defendant acknowledges that Plaintiff is bringing an action that purports to be pursuant to the statutes referenced therein. Defendant denies any violations of any such statute or that Plaintiff is entitled to any damages or other relief.

### JURISDICTION & VENUE

2. Paragraph 2 of the Complaint contains legal conclusions with respect to jurisdiction and venue, to which no response is required.

### PARTIES TO THIS ACTION

3. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 3 of the Complaint and, therefore, denies the same.

4. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 4 of the Complaint and, therefore, denies the same.

5. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 5 of the Complaint and, therefore, denies the same.

6. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 6 of the Complaint and, therefore, denies the same.

7. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 7 of the Complaint and, therefore, denies the same.

8. Admitted.

9. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 9 of the Complaint and, therefore, denies the same.

10. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 10 of the Complaint and, therefore, denies the same.

11. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 11 of the Complaint and, therefore, denies the same.

## FACTUAL ALLEGATIONS

12. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 12 of the Complaint and, therefore, denies the same.

13. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 13 of the Complaint and, therefore, denies the same.

14. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 14 of the Complaint and, therefore, denies the same.

15. Defendant denies that the referenced OneMain debt did not belong to her. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 15 of the Complaint and, therefore, denies the same.

16. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 16 of the Complaint and, therefore, denies the same.

**Nissan Auto Loan Account**

17. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 17 of the Complaint and, therefore, denies the same.

18. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 18 of the Complaint and, therefore, denies the same.

19. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 19 of the Complaint and, therefore, denies the same.

20. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 20 of the Complaint and, therefore, denies the same.

**Regions Installment Loan Account**

21. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 21 of the Complaint and, therefore, denies the same.

22. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 22 of the Complaint and, therefore, denies the same.

23. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 23 of the Complaint and, therefore, denies the same.

**OneMain Installment Loan Account**

24. OneMain admits that Plaintiff was a co-borrower on an installment loan opened in October 2022 that was secured by collateral and that any reporting by OneMain provided accurate

information and was done in accordance with all legal and industry guidelines. OneMain denies all remaining averments contained in Paragraph 24 of the Complaint.

25. OneMain admits that Plaintiff was a co-borrower on an installment loan opened in October 2022 that was secured by collateral that was subsequently voluntarily surrendered. OneMain denies all remaining averments contained in Paragraph 25 of the Complaint.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

### PRA Collection Account

30. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 30 of the Complaint and, therefore, denies the same.

31. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 31 of the Complaint and, therefore, denies the same.

32. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 32 of the Complaint and, therefore, denies the same.

33. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 33 of the Complaint and, therefore, denies the same.

34. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 34 of the Complaint and, therefore, denies the same.

35. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 35 of the Complaint and, therefore, denies the same.

36. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 36 of the Complaint and, therefore, denies the same.

37. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 37 of the Complaint and, therefore, denies the same.

38. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 38 of the Complaint and, therefore, denies the same.

39. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 39 of the Complaint and, therefore, denies the same.

40. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 40 of the Complaint and, therefore, denies the same.

41. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 41 of the Complaint and, therefore, denies the same.

## Ms. White Credit Disputes

42. Defendant admits that Joseph White was a co-borrower on the OneMain account. OneMain denies all remaining averments contained in Paragraph 42 of the Complaint.

43. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 43 of the Complaint and, therefore, denies the same.

44. Regarding the OneMain account, Defendant denies that Plaintiff was a victim of identity theft or that Joseph White fraudulently opened the account. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 44 of the Complaint and, therefore, denies the same.

45. Denied.

46. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 46 of the Complaint and, therefore, denies the same.

47. As to OneMain, denied. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 47 of the Complaint and, therefore, denies the same.

48. As to OneMain, denied. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 48 of the Complaint and, therefore, denies the same.

49. As to OneMain, denied. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 49 of the Complaint and, therefore, denies the same.

50. As to OneMain, denied. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 50 of the Complaint and, therefore, denies the same.

51. As to OneMain, denied. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 51 of the Complaint and, therefore, denies the same.

52. As to OneMain, denied. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 52 of the Complaint and, therefore, denies the same.

53. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 53 of the Complaint and, therefore, denies the same.

54. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 54 of the Complaint and, therefore, denies the same.

55. OneMain denies that it does not review consumer dispute letters. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 55 of the Complaint and, therefore, denies the same.

56. OneMain denies that it does not properly investigate identity theft disputes or that it does not review consumer dispute letters. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 56 of the Complaint and, therefore, denies the same.

57. As to OneMain, denied. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 57 of the Complaint and, therefore, denies the same.

## COUNT ONE: VIOLATION(S) OF 15 U.S.C. § 1692

58. Defendant reasserts and incorporates by reference its responses to Paragraphs 1-57 of the Complaint as if fully stated herein.

59. Count One of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 59 by OneMain is required.

60. Count One of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 60 by OneMain is required.

61. Count One of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 61 by OneMain is required.

62. Count One of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 62 by OneMain is required.

## COUNT TWO: VIOLATIONS OF 15 U.S.C. § 1681e(b)

63. Defendant reasserts and incorporates by reference its responses to Paragraphs 1-62 of the Complaint as if fully stated herein.

64. Count Two of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 64 by OneMain is required. To the extent Paragraph 64 contains any allegations as to OneMain, the allegations are denied.

65. Count Two of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 65 by OneMain is required. To the extent Paragraph 65 contains any allegations as to OneMain, the allegations are denied.

66. Count Two of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 66 by OneMain is required. To the extent Paragraph 66 contains any allegations as to OneMain, the allegations are denied.

67. Count Two of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 67 by OneMain is required. To the extent Paragraph 67 contains any allegations as to OneMain, the allegations are denied.

68. Count Two of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 68 by OneMain is required. To the extent Paragraph 68 contains any allegations as to OneMain, the allegations are denied.

69. Count Two of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 69 by OneMain is required. To the extent Paragraph 69 contains any allegations as to OneMain, the allegations are denied.

70. Count Two of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 70 by OneMain is required. To the extent Paragraph 70 contains any allegations as to OneMain, the allegations are denied.

71. Count Two of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 71 by OneMain is required. To the extent Paragraph 71 contains any allegations as to OneMain, the allegations are denied.

### COUNT THREE: VIOLATION OF 15 U.S.C. § 1681i(a)

72. Defendant reasserts and incorporates by reference its responses to Paragraphs 1-71 of the Complaint as if fully stated herein.

73. Count Three of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 73 by OneMain is required. To the extent Paragraph 73 contains any allegations as to OneMain, the allegations are denied.

74. Count Three of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 74 by OneMain is required. To the extent Paragraph 74 contains any allegations as to OneMain, the allegations are denied.

75. Count Three of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 75 by OneMain is required. To the extent Paragraph 75 contains any allegations as to OneMain, the allegations are denied.

76. Count Three of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 76 by OneMain is required. To the extent Paragraph 76 contains any allegations as to OneMain, the allegations are denied.

77. Count Three of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 77 by OneMain is required. To the extent Paragraph 76 contains any allegations as to OneMain, the allegations are denied.

78. Count Three of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 78 by OneMain is required. To the extent Paragraph 78 contains any allegations as to OneMain, the allegations are denied.

79. Count Three of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 79 by OneMain is required. To the extent Paragraph 79 contains any allegations as to OneMain, the allegations are denied.

80. Count Three of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 80 by OneMain is required. To the extent Paragraph 80 contains any allegations as to OneMain, the allegations are denied.

81. Count Three of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 81 by OneMain is required. To the extent Paragraph 81 contains any allegations as to OneMain, the allegations are denied.

82. Count Three of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 82 by OneMain is required. To the extent Paragraph 82 contains any allegations as to OneMain, the allegations are denied.

83. Count Three of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 83 by OneMain is required. To the extent Paragraph 83 contains any allegations as to OneMain, the allegations are denied.

84. Count Three of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 84 by OneMain is required. To the extent Paragraph 84 contains any allegations as to OneMain, the allegations are denied.

85. Count Three of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 85 by OneMain is required. To the extent Paragraph 85 contains any allegations as to OneMain, the allegations are denied.

86. Count Three of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 86 by OneMain is required. To the extent Paragraph 86 contains any allegations as to OneMain, the allegations are denied.

87. Count Three of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 87 by OneMain is required. To the extent Paragraph 87 contains any allegations as to OneMain, the allegations are denied.

88. Count Three of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 88 by OneMain is required. To the extent Paragraph 88 contains any allegations as to OneMain, the allegations are denied.

89. Count Three of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 89 by OneMain is required. To the extent Paragraph 89 contains any allegations as to OneMain, the allegations are denied.

90. Count Three of Plaintiff's Complaint concerns allegations against other parties, not OneMain. Therefore, no response to Paragraph 90 by OneMain is required. To the extent Paragraph 90 contains any allegations as to OneMain, the allegations are denied.

## COUNT FOUR: VIOLATION(S) OF 15 U.S.C. § 1681s-2(b)

91. Defendant reasserts and incorporates by reference its responses to Paragraphs 1-90 of the Complaint as if fully stated herein.

92. Section 1681s-2(b) speaks for itself. To the extent Paragraph 92 misstates or mischaracterizes Section 1681s-2(b), denied.

93. As to OneMain, denied. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 93 of the Complaint and, therefore, denies the same.

94. As to OneMain, denied. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 94 of the Complaint and, therefore, denies the same.

95. As to OneMain, denied. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 95 of the Complaint and, therefore, denies the same.

96. As to OneMain, denied. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 96 of the Complaint and, therefore, denies the same.

97. As to OneMain, denied. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 97 of the Complaint and, therefore, denies the same.

98. As to OneMain, denied. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 98 of the Complaint and, therefore, denies the same.

99. As to OneMain, denied. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 99 of the Complaint and, therefore, denies the same.

100. As to OneMain, denied. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 100 of the Complaint and, therefore, denies the same.

101. As to OneMain, denied. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 101 of the Complaint and, therefore, denies the same.

102. As to OneMain, denied. Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 102 of the Complaint and, therefore, denies the same.

## DEMAND FOR TRIAL BY JURY

103. No response is required to Plaintiff's demand for a trial by jury.

## GENERAL DENIAL

Defendant generally denies all allegations in Plaintiff's Complaint and demands strict proof thereof.

## AFFIRMATIVE AND NEGATIVE DEFENSES

1. Plaintiff's Complaint is barred by the doctrine of unclean hands.

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3. Plaintiff's Complaint relies on impermissible group pleading.

4. Plaintiff's claims are not ripe for adjudication and her Complaint was impermissibly filed prematurely.

5. Plaintiff failed to meet conditions precedent required for filing a claim against this Defendant for alleged violations of 15 U.S.C. § 1681s-2(b), including but not limited to allow OneMain sufficient time to complete its investigation as allowed by statute.

6. Plaintiff failed to meet conditions precedent required for filing a claim against this Defendant for alleged violations of 15 U.S.C. § 1681s-2(b), including but not limited to her filing suit prior to OneMain receiving notice of a dispute from any credit reporting agency and by failing to allow the CRAs sufficient time as permitted by statute to transmit such notice to OneMain.

7. To the extent that Plaintiff was damaged, which is denied, Plaintiff has failed to mitigate her damages.

8. Plaintiff's claims may be barred or limited by the doctrine of avoidable consequences.

9. OneMain has at all times followed reasonable procedures in accordance with accepted industry standards, including but not limited to the Consumer Data Industry Association's Credit Reporting Resource Guide (Metro 2) to assure maximum possible accuracy.

10. Defendant denies that Plaintiff was not a borrower on the subject account or that she did not personally sign the relevant loan documents, and demands strict proof by Plaintiff to the contrary.

11. Defendant denies that Plaintiff was a victim of identity theft with respect to her OneMain account and demands strict proof by Plaintiff to the contrary.

12. Defendant denies that Plaintiff had no knowledge of her loan account with OneMain and demands strict proof by Plaintiff to the contrary.

13. Defendant reserves all additional factual and legal defenses as may become available during discovery in this action and/or at trial.

**WHEREFORE**, having fully Answered the Complaint, Defendant OneMain Financial Group, LLC demands judgment in its favor as to each claim asserted in this case, judgment for the attorneys' fees and costs incurred herein, and such other and further relief as is just and proper.

     /s/ Brett A. Buckwalter
Brett A. Buckwalter (No. 26500)
NILES, BARTON & WILMER, LLP
111 South Calvert Street, Suite 1400
Baltimore, Maryland 21202
Tel.: (410) 783-6426
babuckwalter@nilesbarton.com
*Counsel for Defendant*
*OneMain Financial Group, LLC*

## CERTIFICATE OF SERVICE

I CERTIFY that on this 27th day of February, 2024, a copy of the foregoing Answer to Complaint was filed and served via the court's CM/ECF system to all counsel of record.

     /s/ Brett A. Buckwalter
Brett A. Buckwalter (No. 26500)